I respectfully dissent from the majority decision to affirm the Deputy Commissioners Opinion and Award denying benefits to plaintiff in this case.
The majority has denied plaintiff benefits on grounds that he did not suffer an injury by accident arising out of and in the course of his employment with defendant-employer. The majoritys decision is based solely upon the determination that plaintiffs account of the injury by accident is not credible, and the contradicting story offered by defendant-employer is credible. I disagree.
Plaintiff contends that he hurt his back when he slipped and fell while moving sheet rock mud on a job site. He maintains that he told defendant Janet Locklear of the accident later on the same day, and that she informed him that she did not carry workers compensation insurance. Plaintiff stated that this conversation took place in the van at the end of the work day and in front of co-workers. Plaintiffs version of the facts is supported by one of the co-workers, Victoria Chavis, who offered corroborating testimony that plaintiff informed his employer of the accident. The injury by accident basis for plaintiffs condition is also corroborated in the medical notes of Dr. John Bartley.
Defendant-employer Janet Locklear offered the theory that she was told by plaintiffs girlfriend that plaintiff injured his back falling from a horse. This is the only such testimony received into the record. Plaintiffs girlfriend, the supposed source of the information, denied in her testimony that she ever made the statement. Defendant-employers husband, Herbert Lee Locklear, testified that at various times he heard that plaintiff injured his back falling off a horse, being thrown from a four-wheeler, or picking up cross ties. Ultimately, he stated that he just didn't know how plaintiff had gotten hurt. Herbert Lee Locklears brother, Donald Locklear, and Donald Locklears wife, Jennifer, were both deposed for the purpose of corroborating Janet Locklears story about plaintiff being thrown from a horse. However, both witnesses testified that they had not seen such an event, and had only heard of it from Janet Locklear. They further testified that they told Janet Locklear that they were unaware of any such incident.
The majority also relies on the statement of plaintiffs co-worker Nick Lowery, that plaintiff did not tell him of his injury. It should be noted, however, that Mr. Lowery was a sheet rock hanger, a different job than plaintiff was engaged in, that they did not work side by side, and that he was not a supervisor of plaintiff. For these reasons, there is little reason to assign any weight to the fact that plaintiff failed to confide in Mr. Lowery regarding his injury. No one who plaintiff claims was present when he reported the injury to Janet Locklear offered any testimony in contradiction to plaintiffs contention that he properly informed Janet Locklear of his work-related injury.
I believe that there is insufficient evidence presented to discount plaintiffs allegation of injury by accident. The only evidence in contradiction of plaintiffs claim comes from Janet Locklear, who did not have workers compensation insurance and would be liable for payment of plaintiffs workers compensation claim. Janet Locklears testimony is not supported by plaintiffs co-workers, nor is it supported by members of her own family. For this reason, I would find plaintiffs testimony to be credible and reverse the Opinion and Award of the Deputy Commissioner denying disability compensation benefits.
This the 22nd day of February, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER